FILED
SCRANTON

FEB 0 3 2012

Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS L. KITCHEN,<br>Plaintiff, | : <br> : <br> : CIVIL ACTION NO. 3:10-2150 <br> v.                   : <br> : (JUDGE NEALON) <br> MICHAEL J. ASTRUE,      : <br> Commissioner of Social Security,   : (MAGISTRATE JUDGE MANNION) <br> Defendant                : |

### MEMORANDUM

On October 18, 2010, Plaintiff, Travis Kitchen, filed a complaint seeking review of the Commissioner of Social Security Administration's denial of his claim for supplemental security income. (Doc. 1). A Report was issued by United States Magistrate Judge Malachy E. Mannion on September 7, 2011, recommending that the appeal be denied. (Doc. 17). Plaintiff filed objections to the Report and Recommendation ("R&R") on September 26, 2011. (Doc. 18). Defendant did not file a response to Plaintiff's objections. The matter is ripe for resolution, and for the reasons set forth below, Plaintiff's appeal will be granted.

### Standard of Review

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S.

Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7. When no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.).

**Background**

Plaintiff protectively filed an application for SSI on October 1, 2005 alleging disability since June 1, 1999. (TR. 51). After his request for benefits was denied at the initial level, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 38-43). A hearing was held before ALJ Richard Zack on July 24, 2007. (TR. 307-332). The ALJ issued a decision on September 8, 2007 denying Plaintiff benefits. (TR. 13-26). Plaintiff then requested review by the Appeals Council, which denied his request, making the decision of the ALJ final. (TR. 9-12). The instant appeal followed on October 18, 2010. (Doc. 1). On April 6, 2011, Plaintiff filed a brief in support of his appeal. (Doc. 12). Defendant filed an opposing brief on May 9, 2011 and Plaintiff filed a reply on June 2, 2011. (Docs. 13, 16). The Magistrate Judge issued a Report on September 7, 2011 recommending that the appeal be denied. (Doc. 17). Plaintiff filed timely objections to the R&R on September 26, 2011. (Doc. 18). Defendant did not file a response to Plaintiff's objections.

**Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not

2

proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity? (2) Does the individual have a severe impairment? (3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1? (4) Does the individual retain the residual functional capacity ("RFC") to engage in his/her past relevant work? and (5) If an individual does not have the capacity to engage in his/her past work, does s/he retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. Id. at 1064. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

**Discussion**

The ALJ proceeded through each step of the sequential evaluation process and determined that Plaintiff was not disabled. (TR. 13-26). The ALJ determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, October 1, 2005. (TR. 18). The ALJ next determined that Plaintiff suffered from the severe impairments of congenital club feet, spontaneous dislocation fracture of the radio head of the left elbow, schizoaffective disorder, bipolar, antisocial personality disorder and an intermittent explosive personality disorder. (TR. 18-21). The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listing requirements. (TR. 21).

The ALJ found that Plaintiff has no past relevant work. (TR. 24). The ALJ determined that Plaintiff has the residual functional capacity to perform a restricted range of unskilled work. (TR. 22). Plaintiff was therefore found to be not disabled within the meaning of the Social Security Regulations. (TR. 25). Plaintiff sought review of the ALJ's decision, however the Appeals Council denied review and Plaintiff appealed to this Court. (TR. 9-12).

In the Report and Recommendation, the Magistrate Judge determined that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Magistrate Judge recommended that Plaintiff's appeal be denied. (Doc. 17).

In his objections, Plaintiff argues that the Magistrate Judge erred in stating that the record contains sufficient information for the ALJ to make a disability determination, even though a page from the transcript is missing. (Doc. 18). In February 2006, James Williams, Ph.D., performed a consultative psychological examination. (TR. 234-38). Plaintiff notes that Dr. Williams is the only treating or examining mental health source who offers an opinion regarding his ability to perform work-related functions. (Doc. 18, pg. 3). Thus, he argues that the missing page is a "critical portion" of the report, the ALJ had an affirmative duty to obtain the page and complete the record, and neither the ALJ nor the Magistrate Judge could have made a proper decision without that page. (Doc. 18, pgs. 1-2). At the hearing, Plaintiff's counsel informed the ALJ that a page was missing from Dr. Williams' report and the ALJ stated that he would attempt to "track that down." (TR. 310-11). However, as the Magistrate Judge stated, it does not appear that the ALJ attempted to obtain the page. (Doc. 17, pg. 8). The Magistrate Judge nevertheless determined that the record contained sufficient information for the ALJ to make a disability determination and the missing page does not warrant remand. (Doc. 17, pg. 9). Further, the

Magistrate Judge stated that the ALJ was not required to recontact Dr. Williams and the record was not ambiguous. (Doc. 17, pgs 8-10) (citing Johnson v. Commissioner of Social Security, 529 F.3d 198 (2008); 20 C.F.R. § 416.912(e)(1); Social Security Ruling 96-5p).

The section of Dr. Williams' report titled "Mental Status Examination" is incomplete and an entire page is missing. (TR. 234-38). This portion contains Dr. Williams' evaluation and impression of Plaintiff. This Court agrees with Plaintiff that the missing page from the transcript should be obtained. The matter will be remanded to the Commissioner to obtain the missing page from Dr. Williams' report. See Carrington v. Heckler, 587 F. Supp. 61 (D.C. Ga. 1984) (District Court remanded to the Commissioner stating that, "[b]ecause a substantial part of the verbal testimony is missing, the entire record is not before the court. Therefore, the court can reach no decision on whether the Secretary's decision was supported by substantial evidence.").

Plaintiff next argues that the Magistrate Judge erred by affirming the ALJ's decision regarding the opinion of Peter Cartaginese, M.D., for reasons that were not even in the ALJ's decision. (Doc. 18, pgs. 4-6). As Plaintiff notes, the ALJ's entire statement rejecting Dr. Cartaginese's opinions are that they "overstate the severity of the claimant's medically determinable impairments and are both inconsistent with, and unsupported by, the great weight of the documentary medical evidence." (Doc. 18, pgs. 3-5; TR. 20). Plaintiff argues that the Magistrate Judge inappropriately used evidence to support his opinion that was not cited by the ALJ. (Doc. 18, pgs. 4-5). In Fargnoli, the Third Circuit Court of Appeals stated that the District Court should not conduct its own independent analysis when the ALJ fails to mention certain evidence and fails to consider all relevant and probative evidence. Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001).

Dr. Cartaginese is a consultative examiner for the Commissioner and performed an examination of Plaintiff in February, 2006. (TR. 239-46). He found that Plaintiff could not lift or carry anything in arm malformation, he could occasionally lift and carry up to ten pounds, he cannot stand for more than ten minutes, he can occasionally bend and climb, he cannot do any stooping, crouching or balancing, he has problems with reaching, handling, and fingering (because of the left arm), and he has no problems with the right side. (TR. 241). The ALJ referenced these findings and determined that Dr. Caratginese overstated Plaintiff's limitations. (TR. 20). Plaintiff argues that the ALJ's statement is broad and conclusory and beyond meaningful judicial review. (Doc. 18, pg. 5) (citing Cotter v. Harris, 642 F.2d 700) (3d Cir. 1981)).

The Magistrate Judges noted that Dr. Cartaginese's opinion conflicts with the opinions of Gregory Phillips, D.P.M. and Rita Aneja, M.D. (Doc. 17, pg. 13). However, the ALJ did not discuss Dr. Phillips' opinion and findings. Therefore, the matter will be remanded for the ALJ to further address Dr. Cartaginese's opinion and any conflicting evidence of record.

Lastly, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in posing the hypothetical questions to the vocational expert. (Doc. 18, pgs. 6-8). The Magistrate Judge stated that because the ALJ did not adopt the opinion of Dr. Cartaginese, he did not need to include his opinion in the hypothetical questions. (Doc. 17, pgs. 15-16). Further, the Magistrate Judge stated that the hypothetical questions included all of Plaintiff's limitations as established by the evidence of record. (Doc. 16, pgs. 15-16). However, Plaintiff argues that the ALJ's hypothetical only included his social functioning limitations and did not include his moderate limitation in concentration, persistence, or pace. (Doc. 18, pgs. 6-8). The Magistrate

Judge determined that because the ALJ found that Plaintiff's mental impairments did not meet or equal a listed impairment, he was not required to repeat those findings. (Doc. 17, pg. 18). Because we remand for the ALJ to further consider Dr. Cartaginese's opinion, the hypothetical questions may change to account for his opinion.

      Accordingly, after review, the matter will be remanded to the Commissioner.

Date: February 3, 2012

                                                      **United States District Judge**